IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEBBIE ALLEN, | ) |
| | ) |
| Plaintiff, | )   1:16-cv-00012 |
| | ) |
| v. | ) |
| | ) |
| PORTFOLIO RECOVERY | ) |
| ASSOCIATES, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, DEBBIE ALLEN, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. DEBBIE ALLEN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Benton Harbor, County of Berrien, State of Michigan.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff (hereinafter, "the Debt").

6. The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. Upon information and belief, Defendant purchased, acquired and/or otherwise obtained the Debt for the purpose of collection from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. PORTFOLIO RECOVERY ASSOCIATES, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant's principal place of business is located in the State of Virginia. Defendant is registered as a limited liability company in the State of Virginia.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.  ALLEGATIONS

15.  In or around May 2015, Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that they were calling to collect the Debt from Plaintiff.

16.  During the course of the aforesaid telephone call between Defendant and Plaintiff, Defendant informed Plaintiff that it was attempting to collect the Debt.

17.  In response, Plaintiff asked Defendant about the nature of the Debt and to whom the debt was allegedly owed.

18.  Defendant replied to Plaintiff by stating: "You know what this is for – stop playing games."

19.  Plaintiff again attempted to ascertain from Defendant the nature of the debt that Defendant was attempting to collect from her; Plaintiff informed Defendant that she was not simply going to pay Defendant if Defendant continued to refuse to provide Plaintiff with additional information regarding the Debt.

20.  In response Defendant informed Plaintiff that if she did not pay the Debt then Defendant would simply garnish Plaintiff's wages.

21.  At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the Debt.

22.  At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the Debt.

23.  The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the alleged debt.

24.  Plaintiff informed Defendant that she does not earn any wages but rather collects disability and informed Defendant that her disability payments were not subject to garnishment.

25. Defendant stated that the laws have changed and that Defendant was now able to garnish SSI payments.

26. Plaintiff asked for Defendant's representative's name and Defendant's representative refused to provide Plaintiff with her name.

27. Pursuant to Subchapter II of the Social Security Act, 42 U.S.C. § 407, which governs the "Federal Old-Age Survivors, and Disability Insurance Benefits", "none of the moneys paid or payable or rights existing under this title shall be subject to execution, levy, attachment, garnishment, or other legal process…" 42 U.S.C. § 407(a).

28. Pursuant to the aforesaid section of the Social Security Act, it is unlawful for a private creditor to garnish a recipient's social security disability income.

29. Defendant's threat to garnish Plaintiff's social security disability income was false, deceptive, and/or misleading.

30. Defendant's threat to garnish Plaintiff's social security disability income constituted a threat to take action that cannot legally be taken.

31. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

   d. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

  e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

  f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

32. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

33. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DEBBIE ALLEN, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

        Respectfully submitted,
        **DEBBIE ALLEN**

      By: s/ David M. Marco
        Attorney for Plaintiff

Dated: January 7, 2016

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com